**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| VIRGIN L. CONZANERE v. WYETH, et al. | Civil Action No. 02-20186 Transferor Court No. 02-2229 |
| GWENDOLYN HART, ET AL. v. WYETH, et al. | Civil Action No. 02-20141 Transferor Court No. 02-0087 |
| HARRY E. HOPPEN v. WYETH, et al. | Civil Action No. 02-20243 Transferor Court No. 02-2834 |
| SHELITA D. HUNT v. WYETH, et al. | Civil Action No. 02-20240 Transferor Court No. 02-2797 |
| JOAN MCCORMICK v. WYETH, et al. | Civil Action No. 02-20219 Transferor Court No. 02-2276 |
| ROSALIND PEYCHAUD v. WYETH, et al. | Civil Action No. 02-20223 Transferor Court No. 02-2540 |
| VICKI RICHARD SAVOIE v. WYETH, et al. | Civil Action No. 02-20241 Transferor Court No. 02-2819 |
| KENNETH SMITH v. WYETH, et al. | Civil Action No. 03-20126 Transferor Court No. 02-3225 |
| PHYLLIS A. WATSON v. WYETH, et al. | Civil Action No. 02-20222 Transferor Court No. 02-2548 |

| | | |
|---|---|---|
| PEGGIE WHITE | ) | Civil Action No. 02-20221 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No.02-2559 |
| | ) | |
| MARY WYRE | ) | Civil Action No. 02-20145 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No. 02-78 |
| | ) | |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2005, upon consideration of the argument submitted by the parties in the above-captioned matters, it is ORDERED that plaintiffs' Motions to Remand are DENIED.

BY THE COURT:

_____

Harvey Bartle III

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 1203 |
| VIRGIN L. CONZANERE v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20186 <br><br> Transferor Court No. 02-2229 |
| GWENDOLYN HART, ET AL. v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20141 <br><br> Transferor Court No. 02-0087 |
| HARRY E. HOPPEN v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20243 <br><br> Transferor Court No. 02-2834 |
| SHELITA D. HUNT v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20240 <br><br> Transferor Court No. 02-2797 |
| JOAN MCCORMICK v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20219 <br><br> Transferor Court No. 02-2276 |
| ROSALIND PEYCHAUD v. WYETH, et al. | ) ) ) | Civil Action No. 02-20223 <br><br> Transferor Court No. 02-2540 |
| VICKI RICHARD SAVOIE v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20241 <br><br> Transferor Court No. 02-2819 |
| KENNETH SMITH v. WYETH, et al. | ) ) ) ) | Civil Action No. 03-20126 <br><br> Transferor Court No. 02-3225 |
| PHYLLIS A. WATSON v. WYETH, et al. | ) ) ) | Civil Action No. 02-20222 <br><br> Transferor Court No. 02-2548 |

| | | |
|---|---|---|
| PEGGIE WHITE | ) | Civil Action No. 02-20221 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No.02-2559 |
| | ) | |
| MARY WYRE | ) | Civil Action No. 02-20145 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No. 02-78 |
| | ) | |

## WYETH'S NOTICE OF PENDING REMAND MOTIONS

COMES NOW Defendant Wyeth and, pursuant to PTO 3370, files this notice of pending motions to remand. Plaintiffs, all represented by the firm of O'Quinn, Laminack & Pirtle, filed motions for remand in the above-captioned cases in Louisiana federal district courts, but did not renew the motions in this Court following transfer. Wyeth requests that this Court now rule on these remand motions.

> A.    Wyeth's Briefs in Opposition to Remand, Filed in the Transferor Courts, Establish that all Non-Diverse Defendants Have Been Fraudulently Joined.

Wyeth submits these cases in a consolidated notice of pending motions because they present identical issues regarding the fraudulent joinder of phentermine manufacturers and doctors. Indeed, each of these cases names some combination of these defendants, and plaintiffs have submitted essentially identical arguments in support of their joinder of each. Wyeth will rely generally upon its briefs submitted in opposition to remand in the transferor courts ("Oppositions"), which are attached as Exhibit A.[1] Wyeth's Oppositions explain why the non

---

[1] Exhibit A includes Wyeth's notice of removal, plaintiffs' motion to remand, Wyeth's opposition to remand, and any subsequent briefing on remand for each case subject to this Notice of Pending Remand Motions ("Notice"). Exhibit A is organized alphabetically by case name. The Exhibit List filed with this Notice provides an index of case names and removal pleadings in each case. For the Court's reference, Wyeth has also prepared a chart, attached as Exhibit B, identifying the date of filing and non-diverse defendants named in each case.

diverse defendants in each case have been fraudulently joined, and thus why remand must be denied.[2]

B.    New Authority Supports Wyeth's Arguments in Opposition to Remand.

This Court has addressed the issues raised in plaintiffs' remand motions on dozens of occasions. Indeed, this Court has found each category of non-diverse defendant named in these cases to have been fraudulently joined in numerous cases from numerous jurisdictions.[3]  In addition to these cases generally addressing the issues presented here, this Court has on several occasions ruled that the massive publicity accompanying the removal of the diet drugs from the market and subsequent events placed all diet drug users on inquiry notice of their claims. These rulings confirm that, as Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers are time-barred.

---

[2] Wyeth also argued, in some of the cases subject to this Notice, that removal was proper under the All Writs Act. However, Wyeth no longer relies on this argument, and now relies solely on the fraudulent joinder of non-diverse defendants as its basis for removal.

[3] See, e.g., Rubin v. Am. Home Prods. Corp., No. 03-20370, PTO 4143 (E.D. Pa. Nov. 17, 2004) (fraudulent joinder of doctor); Bales v. Wyeth, No. 04-20899, PTO 4054 (E.D. Pa. Oct. 22, 2004) (fraudulent joinder of doctor); Abbott v. Wyeth, No. 04-20977, PTO 4036 (E.D. Pa. Oct. 19, 2004) (fraudulent joinder of doctors); Green v. Wyeth, No. 04-20866, PTO 4017 (E.D. Pa. Oct. 6, 2004) (fraudulent joinder of doctors); Alexander v. Wyeth, No. 04-21035, PTO 3991 (E.D. Pa. Sept. 27, 2004) (fraudulent joinder of doctors); Cain v. Wyeth, No. 04-20194, PTO 3960 (E.D. Pa. Sept. 22, 2004) (fraudulent joinder of doctors); Blake v. Wyeth, PTO 3959 (E.D. Pa. Sept. 22, 2004) (fraudulent joinder of doctors and phentermine defendants); Kizer v. Wyeth, No. 04-23745, PTO 3954 (E.D. Pa. Sept. 17, 2004) (fraudulent joinder of doctors); Davis v. Wyeth, No. 04-20233, Pretrial Order No. 3938 (E.D. Pa. Sept. 15, 2004) (fraudulent joinder of doctor); Allen v. Wyeth, No. 04-20171, PTO 3924 (E.D. Pa. Sept. 10, 2004) (fraudulent joinder of doctors); Rutowski v. Wyeth, No. 04-20032, PTO 3889 (E.D. Pa. Aug. 31, 2004) (fraudulent joinder of doctor); Lara v. Wyeth, No. 04-21381, PTO 3871 (E.D. Pa. Aug. 24, 2004) (fraudulent joinder of doctor); Briscoe v. Wyeth, No. 04-25833, PTO 3870 (E.D. Pa. Aug. 24, 2004) (fraudulent joinder of doctor); Ivy v. Wyeth, No. 03-20511, PTO 3857 (E.D. Pa. Aug. 12, 2004) (fraudulent joinder of doctors); Purvis v. Wyeth, No. 03-20513, PTO 3818 (E.D. Pa. Aug. 9, 2004) (fraudulent joinder of doctors); Anderson v. American Home Prods., Corp., No. 01-20182, PTO 2567 (E.D. Pa. Aug. 13, 2002) (finding fraudulent joinder of phentermine defendants because "plaintiffs have no real intention in good faith to seek a judgment against the phentermine defendants"); Van hook v. Wyeth, et al., No. 03-20373, PTO 3666 (E.D.Pa. June 29, 2004) (fraudulent joinder of phentermine defendants); Washington, et al., v. American Home Prods., Corp., No. 03-20233, PTO 3729 (E.D.Pa. July 15, 2004) (fraudulent joinder of phentermine defendants); Bolton, et al., v. American Home Prods., Corp., No. 03-20586, PTO 3726 (E.D.Pa. July 13, 2004) (fraudulent joinder of phentermine defendants); Taylor, et al., v. Wyeth, et al., No. 03-20242, PTO 3703 (E.D.Pa. July 6, 2004) (fraudulent joinder of phentermine defendants); Knight, et al., v. Wyeth, et al., No. 03-20551, PTO 3679 (E.D.Pa. July 1, 2004). (fraudulent joinder of phentermine defendants)

3

1.    This Court's orders confirm that, as Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers are time-barred.

As Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers fail because, *inter alia*, they are barred by Louisiana's one-year prescriptive period. Since Wyeth filed its Oppositions, this Court has ruled on numerous occasions that all diet drug users were placed on inquiry notice of their potential claims by the massive publicity surrounding the diet drug withdrawal and subsequent events.

According to Louisiana statute, all tort claims are subject to a one-year prescriptive period, which runs from "the day injury or damage is sustained." La. Civ. Code Art. 3492. The earliest any of the plaintiffs subject to this Notice filed suit was December of 2001, *see* Exhibit B, more than four years after the diet drugs were withdrawn from the market in September of 1997. *See French v. Wyeth*, 03-20353, PTO 3281 at 2 (E.D. Pa. Feb. 18, 2004). Thus, all of these suits were filed more than four years after the last date on which plaintiffs could have sustained injury, well outside the one-year prescriptive period. Though plaintiffs' counsel have asserted that some plaintiffs' claims are saved by the discovery rule because they discovered their injuries within a year before filing their actions, *see, e.g.*, Exhibit A-1-c, Plaintiff's Memorandum of Law in Support of Motion to Remand in *Conzanere* at 9-11, Louisiana law required plaintiffs to file their claims within a year of when they knew or *should have known* of their claims. *See, e.g.*, Exhibit A-1-d Wyeth's Opposition to Remand in *Conzanere* at 13 (citing *Foraker v. Board of Supervisors of Louisiana State University*, 734 So.2d 63, 66 (La. App. 2d Cir. 1999)). As Wyeth explained in detail in its Oppositions, massive publicity accompanied the diet drugs' removal from the market and subsequent events, placing all diet drug users on inquiry

notice of their claims. *See, e.g., id.* at 13-16, & Exhibit G thereto (declaration detailing massive publicity in national and Louisiana media).

Since Wyeth filed its Oppositions, this Court, citing much of the same publicity detailed in Wyeth's Oppositions, has repeatedly held that the publicity surrounding the withdrawal of the diet drugs as well as the publicity associated with the Class Notice was more than sufficient to place diet drug plaintiffs on inquiry notice of their potential claims:

- "In light of the massive publicity concerning the health risks associated with the use of diet drugs [and] the comprehensive notice program associated with the settlement, . . . we find that plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries at the very latest by the end of March, 2000." *French v. Wyeth*, PTO 3281 at 13 .

- "In light of the massive publicity concerning the health risks associated with the use of Pondimin, we find that plaintiff was on inquiry notice and should have discovered [her doctor's] alleged fraud at the very latest by early Spring, 2000." *Ferrell v. Wyeth*, 03-20094, PTO 2996 at 17 (E.D. Pa. Sep. 5, 2003).

- "[T]here was massive publicity from 1997 through the Spring of 2000 concerning Wyeth's diet drugs and their connection to valvular heart disease. Certainly plaintiff should have known about her injury no later than the Spring of 2000." *Wilson v. Wyeth*, 03-20124, PTO 3000 at 2 (E.D. Pa. Sep. 8, 2003).

Thus, under this Court's orders, plaintiffs' claims against physicians[4] and phenetermine manufacturers are not saved by the discovery rule because plaintiffs were on inquiry notice of their claims more than a year before filing their actions.

---

[4] In *Anderson v. American Home Products*, No. 01-20182, PTO 2567 (E.D. Pa. Aug. 13, 2002), this Court did find that two doctors were not fraudulently joined defendants in the individual actions brought by plaintiffs who the doctors actually treated. In *Anderson*, this Court did not, however, address whether the doctors were fraudulently joined because the claims against them were time-barred under Louisiana law. In later decisions, where this Court addressed the statute of limitations issue, it has found doctor defendants fraudulently joined because the claims against the doctors were time-barred by state law. *See, e.g., Rubin v. Am. Home Prods. Corp.*, PTO 4143 (fraudulent joinder of doctor based on Florida's two-year statute of limitations for medical malpractice); *Ivy v. Wyeth*, PTO 3857 (fraudulent joinder of doctors based on Texas' two-year statute of limitations); *Purvis v. Wyeth*, PTO 3818 (fraudulent joinder of doctors based on Mississippi's two-year statute of limitations for tort claims against health care providers).

# CONCLUSION

WHEREFORE, for the reasons herein, as well as the reasons stated in Wyeth's

Oppositions, remand should be denied because removal was proper in each of the cases subject

to this Notice on the basis of fraudulent joinder.

Respectfully submitted,

"/s/" Milind M. Shah

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022-4690
(212) 715-1000

Robert D. Rosenbaum
ARNOLD & PORTER
555 Twelfth Avenue, N.W.
Washington, DC 20004-1202
(202) 942-5000

David Neslin
ARNOLD & PORTER
370 17th Street, Suite 4500
Denver, CO 80202
(303) 863-1000

Michael T. Scott
Paul B. Kerrigan
Milind M. Shah
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Dated: March 30, 2005

# EXHIBIT A

# EXHIBIT A
# TABLE OF CONTENTS

| **Name** | **Exhibit No.** | **List of Exhibits** |
|---|---|---|
| Conzanere, Virgin L. | A-1 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Hart, Gwendolyn, et al. | A-2 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Hoppen, Harry E. | A-3 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Hunt, Shelita D. | A-4 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| McCormick, Joan | A-5 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d.  Plaintiff's Request for Oral Argument on Motion to Remand<br>e.  Notice of Hearing<br>f.  Plaintiff's Motion for Summary Remand Pursuant to 28 U.S.C. §1446(c)(4)<br>g.  Plaintiff's Memorandum in Support of Motion for Summary Remand Pursuant to 28 U.S.C. §1446(c)(4)<br>h.  Memorandum on Behalf of John D. Olson, |

| | | |
|---|---|---|
| | | M.D. Joining and Supporting Motion to Remand, or Alternatively, Motion to Dismiss Dr. Olson from Suit<br>i. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>j. Wyeth's Memorandum in Opposition to Plaintiff's Motion for Summary Remand and Plaintiff's Motion to Remand<br>k. Plaintiff's Reply to Defendant Wyeth's Opposition to Plaintiff's Motion to Remand<br>l. Wyeth's Motion for Leave to File Surreply to Plaintiff's Motion to Remand with Wyeth's Surreply to Plaintiff's Motion to Remand attached.<br>m. Order denying motion for leave to file Surreply as moot. |
| Peychaud, Rosalind | A-6 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>e. Notice of Hearing<br>f. Plaintiff's Request for Oral Argument on Motion to Remand<br>g. Response to Removal Order |
| Savoie, Vicki Richard | A-7 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Smith, Kenneth | A-8 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Plaintiff's Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Watson, Phyllis A. | A-9 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand |

| | | |
|---|---|---|
| | | d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |
| White, Peggie | A-10 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |
| Wyre, Mary | A-11 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Memorandum in Support of Plaintiff's Motion to Remand<br>d. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |

# EXHIBIT B

# EXHIBIT B
# TABLE OF CASES

| PLAINTIFF | MDL CIVIL ACTION NUMBER | COMPLAINT DATE | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? |
|---|---|---|---|---|
| Conzanere, Virgin L. | 02-20186 | 06/07/02 | Y | |
| *Hart, Gwendolyn, et al. Hart, Gwendolyn Hitchen, Pamela Knighten, Mildred Whitaker, Cora | 02-20141 | 12/04/01 | Y | Y |
| Hoppen, Harry E. | 02-20243 | 07/23/02 | | Y |
| Hunt, Shelita D. | 02-20240 | 07/16/02 | Y | Y |
| McCormick, Joan | 02-20219 | 06/14/02 | Y | Y |
| Peychaud, Rosalind | 02-20223 | 06/18/02 | | Y |
| Savoie, Vicki Richard | 02-20241 | 07/02/02 | Y | Y |
| Smith, Kenneth | 03-20126 | 02/22/02 | Y | |
| Watson, Phyllis A. | 02-20222 | 07/11/02 | Y | Y |
| White, Peggie | 02-20221 | 06/28/02 | | Y |
| Wyre, Mary | 02-20145 | 12/17/01 | Y | Y |

* Hart is a multi-plaintiff action and the plaintiff Cora Whitaker has been dismissed, *see* PTO 3641.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Wyeth's Notice of Pending Remand Motions, and Exhibits in Support of Wyeth's Notice of Pending Remand Motions were filed this 30th day of March, 2005.

The undersigned further certifies that a true and correct copy of the foregoing documents[1] were served this 30th day of March 2005 by UPS Overnight Delivery upon the following Plaintiffs' counsel:

> Richard Laminack, Esq.
> Buffy Martines, Esq.
> O'Quinn Laminack & Pirtle
> 2300 Lyric Centre Building, 440 Louisiana Avenue
> Houston, TX 77002
> **Counsel for Plaintiffs**

And by U.S. first-class mail, postage prepaid, upon all other counsel of record and those required to be served by Pretrial Order No. 19:

> Arnold Levin, Esq.
> Levin, Fishbein, Sedran & Berman
> 510 Walnut Street
> Suite 500
> Philadelphia, PA 19106
> **Co-Chair of Plaintiffs' Management Committee**
>
> John J. Cummings, III, Esq.
> Cummings, Cummings & Dudenhefer
> 416 Gravier Street
> New Orleans, LA 70130
> **Co-Chair of Plaintiffs' Management Committee**

---

[1]    Because of their volume, the Exhibits to Wyeth's Notice of Pending Remand Motions could not be filed electronically. A paper copy of the Exhibits are being provided to the Court this 30th day of March 2005 and served on Plaintiffs' counsel. All other counsel of record in this action, the Special Discovery Master, and MDL 1203 Lead and Liaison Counsel will be served today with a copy of the Index to the Exhibits, the Table of Contents of Exhibit A, and Exhibit B rather than the entire contents of Exhibit A. If any of these counsel would like to receive a complete set of Exhibits, they should contact Wyeth's Liaison Counsel in MDL 1203.

Stanley M. Chesley, Esq.
Jean M. Geoppinger, Esq.
Waite, Schneider, Bayless, Chesley Co., L.P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH 45202
**Co-Chair of Plaintiffs' Management Committee**

Deborah A. Hyland, Esq.
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
**Office of the Plaintiffs' Management Committee**

Edward W. Madeira, Jr., Esq.
Pepper Hamilton LLP
Bell Atlantic Building, 34th Floor
1717 Arch Street
Philadelphia, PA 19103
**Liason Counsel for Phentermine Defendants**

Peter G. Resnick, Esq.
McDermott, Will and Emery
28 State Street, 34th Floor
Boston, MA 02109-1775
**Co-Lead Counsel for Phentermine Defendants**

Edward S. Weltman, Esq.
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022
**Co-Lead Counsel for Phentermine Defendants**

W. Luther Wilson, Esq.
Taylor Porter Brooks
  & Phillips, L.L.P.
451 Florida Street, 8th Floor
Baton Rouge, Louisiana 70801
**Counsel for Phentermine Defendant Ion Laboratories, Inc.**

Marie Rudd Posey, Esq.
Suite 1250
1100 Poydras Street
New Orleans, LA 70163-1250
**Counsel for Phentermine Defendant SmithKline Beecham Corp.**

2

Douglas Moore, Esq.
400 Poydras Street
Suite 2700
New Orleans, LA 70130
**Counsel for Phentermine Defendant Gate Pharmaceuticals**

Douglas Moore, Esq.
400 Poydras Street
Suite 2700
New Orleans, LA 70130
**Counsel for Phentermine Defendant Teva Pharmaceuticals USA, Inc.**

Stanton E. Shuler, Jr., Esq.
Suite 1700
1100 Poydras Street
New Orleans, LA 70163-1701
**Counsel for Phentermine Defendant Geneva Pharmaceuticals, Inc.**

Stanton E. Shuler, Jr., Esq.
Suite 1700
1100 Poydras Street
New Orleans, LA 70163-1701
**Counsel for Phentermine Defendant Rugby Laboratories, Inc.**

W. Luther Wilson, Esq.
Taylor Porter Brooks
  & Phillips, L.L.P.
451 Florida Street, 8th Floor
Baton Rouge, Louisiana 70801
**Counsel for Phentermine Defendant Eon Labs Manufacturing, Inc.**

Terry Christovich Gay, Esq.
Suite 2300
601 Poydras Street
New Orleans, LA 70130-6078
**Counsel for Phentermine Defendant Medeva Pharmaceuticals Inc.**

Terry Christovich Gay, Esq.
Suite 2300
601 Poydras Street
New Orleans, LA 70130-6078
**Counsel for Phentermine Defendant Fisons Corp.**

Jason Cashio, Esq.
22nd Floor, One American Place
P. O. Box 3513
Baton Rouge, LA 70821
**Counsel for Phentermine Defendant Interneuron Pharmaceuticals, Inc.**

Deborah Schroeder, Esq.
LAMMICO111
Veterans Blvd. Suite 1710
Metairie, LA 70005
**Counsel for Doctor Defendants (Barbham; Green; Olson; Andonie; Ditta; Stringer).**

<u>"/s/" Milind M. Shah</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| VIRGIN L. CONZANERE<br>v.<br>WYETH, et al. | Civil Action No. 02-20186<br><br>Transferor Court No. 02-2229 |
| GWENDOLYN HART, ET AL.<br>v.<br>WYETH, et al. | Civil Action No. 02-20141<br><br>Transferor Court No. 02-0087 |
| HARRY E. HOPPEN<br>v.<br>WYETH, et al. | Civil Action No. 02-20243<br><br>Transferor Court No. 02-2834 |
| SHELITA D. HUNT<br>v.<br>WYETH, et al. | Civil Action No. 02-20240<br><br>Transferor Court No. 02-2797 |
| JOAN MCCORMICK<br>v.<br>WYETH, et al. | Civil Action No. 02-20219<br><br>Transferor Court No. 02-2276 |
| ROSALIND PEYCHAUD<br>v.<br>WYETH, et al. | Civil Action No. 02-20223<br><br>Transferor Court No. 02-2540 |
| VICKI RICHARD SAVOIE<br>v.<br>WYETH, et al. | Civil Action No. 02-20241<br><br>Transferor Court No. 02-2819 |
| KENNETH SMITH<br>v.<br>WYETH, et al. | Civil Action No. 03-20126<br><br>Transferor Court No. 02-3225 |
| PHYLLIS A. WATSON<br>v.<br>WYETH, et al. | Civil Action No. 02-20222<br><br>Transferor Court No. 02-2548 |

| PEGGIE WHITE | ) | Civil Action No. 02-20221 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No.02-2559 |
| | ) | |
| MARY WYRE | ) | Civil Action No. 02-20145 |
| v. | ) | |
| WYETH, et al. | ) | Transferor Court No. 02-78 |
| | ) | |

## INDEX OF EXHIBITS IN SUPPORT OF
## WYETH'S NOTICE OF PENDING REMAND MOTIONS

| Description | Exhibits |
| --- | --- |
| Index of Cases | Exhibit A |
| Conzanere, Virgin | Exhibit A-1 |
| Hart, Gwendolyn | Exhibit A-2 |
| Hoppen, Harry | Exhibit A-3 |
| Hunt, Shelita | Exhibit A-4 |
| McCormick, Joan | Exhibit A-5 |
| Peychaud, Rosalind | Exhibit A-6 |
| Savoie, Vicki | Exhibit A-7 |
| Smith, Kenneth | Exhibit A-8 |
| Watson, Phyllis | Exhibit A-9 |
| White, Peggie | Exhibit A-10 |
| Wyre, Mary | Exhibit A-11 |
| Table of Cases | Exhibit B |

**INDEX OF DOCUMENTS WITHIN EXHIBIT A**
**FOR WYETH'S NOTICE OF PENDING REMAND MOTIONS**

| Name | Exhibit No. | List of Exhibits |
|---|---|---|
| Conzanere, Virgin L. | A-1 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Hart, Gwendolyn, et al. | A-2 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Hoppen, Harry E. | A-3 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Hunt, Shelita D. | A-4 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| McCormick, Joan | A-5 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Plaintiff's Request for Oral Argument on Motion to Remand<br>e. Notice of Hearing<br>f. Plaintiff's Motion for Summary Remand Pursuant to 28 U.S.C. §1446(c)(4)<br>g. Plaintiff's Memorandum in Support of Motion for Summary Remand Pursuant to 28 U.S.C. §1446(c)(4)<br>h. Memorandum on Behalf of John D. Olson, M.D. Joining and Supporting Motion to |

| | | |
|---|---|---|
| | | Remand, or Alternatively, Motion to Dismiss Dr. Olson from Suit<br>i. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>j. Wyeth's Memorandum in Opposition to Plaintiff's Motion for Summary Remand and Plaintiff's Motion to Remand<br>k. Plaintiff's Reply to Defendant Wyeth's Opposition to Plaintiff's Motion to Remand<br>l. Wyeth's Motion for Leave to File Surreply to Plaintiff's Motion to Remand with Wyeth's Surreply to Plaintiff's Motion to Remand attached.<br>m. Order Denying Motion for Leave to File Surreply as Moot. |
| Peychaud, Rosalind | A-6 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>e. Notice of Hearing<br>f. Plaintiff's Request for Oral Argument on Motion to Remand<br>g. Response to Removal Order |
| Savoie, Vicki Richard | A-7 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Smith, Kenneth | A-8 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Plaintiff's Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Watson, Phyllis A. | A-9 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |

| | | |
|---|---|---|
| | | e. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |
| White, Peggie | A-10 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiff's Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |
| Wyre, Mary | A-11 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Memorandum in Support of Plaintiff's Motion to Remand<br>d. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |